**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| BURHAAN HASSAN CHAMBERS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 4:22-cv-132-MTS |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

<u>**MEMORANDUM AND ORDER**</u>

This matter is before the Court on Respondent's Motion to Dismiss, Doc. [8], Petitioner's

Motion to Vacate, Set Aside, or Correct Sentence ("Motion to Vacate") under 28 U.S.C. § 2255,

Doc. [1].  For the reasons that follow, the Court grants Respondent's Motion.

**BACKGROUND**

In January 2021, Petitioner Burhaan Hassan Chambers signed a Guilty Plea Agreement

("Plea Agreement"), wherein he agreed to plead guilty to five counts of a six-count indictment.

*See United States v. Chambers*, 4:19-cr-608-MTS ("Crim. Case"), Doc. [111].  On May 13, 2021,

during a combined plea and sentencing hearing, Petitioner pleaded guilty, pursuant to the Plea

Agreement, to possession of fentanyl with intent to distribute (Count I), possession of heroin with

intent to distribute (Count II), distribution of fentanyl (Counts III and IV), and possession of

fentanyl with intent to distribute (Count V).  Crim. Case Doc. [127] at 17–19.  At the hearing,

Petitioner acknowledged that he was pleading guilty "because in fact [he was] guilty of the

offenses."  *Id.* at 34.  The Court sentenced him to 57 months' imprisonment and a three-year term

of supervised release.  Crim. Case Doc. [113].

1

On February 1, 2022, Petitioner filed a Motion to Vacate under 28 U.S.C. § 2255.  Doc. [1].  In his Motion, Petitioner claims that he did not plead guilty to distribution of fentanyl under either Count III or Count IV and disputes numerous facts contained in the Plea Agreement and to which he swore at the plea hearing.  Doc. [1] at 1, 4–7.  In the current Motion, Respondent United States of America (the "Government") moves to dismiss Petitioner's Motion, contending, among other things, that Petitioner waived his right to seek collateral relief under § 2255 pursuant to his Plea Agreement.  Doc. [8].

## DISCUSSION

"A defendant may waive the right to seek collateral relief under § 2255." *Ackerland v. United States*, 633 F.3d 698, 701 (8th Cir. 2011).  This Court reviews a waiver of appellate and post-conviction rights to "confirm that the appeal falls within the scope of the waiver and that both the waiver and plea agreement were entered into knowingly and voluntarily." *United States v. Andis*, 333 F.3d 886, 889–90 (8th Cir. 2003) (en banc); *see also DeRoo v. United States*, 223 F.3d 919, 923 (8th Cir. 2000) (finding "no reason to distinguish the enforceability of a waiver of direct-appeal rights from a waiver of collateral-attack rights in the plea agreement context").  "Even when these conditions are met, however," this Court "will not enforce a waiver where to do so would result in a miscarriage of justice." *Andis*, 333 F.3d at 890.

Section 7 of Petitioner's Plea Agreement is titled "WAIVER OF APPEAL AND POST-CONVICTION RIGHTS." Crim Case Doc. [111] at 8.  Subsection B of Section 7 is titled "Habeas Corpus" and states that "The Defendant agrees to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel." *Id.* at 9.  Plaintiff's § 2255 Motion squarely falls within the scope of this waiver.

The waiver also was knowing and voluntary.  "A district court ensures an appeal waiver is knowing and voluntary by 'properly question[ing] a defendant about his or her decision to enter that agreement and waive the right to appeal.'"  *United States v. Knight*, 939 F.3d 933, 935 (8th Cir. 2019) (quoting *Andis*, 333 F.3d at 891).  The Court questioned Petitioner extensively at his plea hearing to ensure that Petitioner understood the consequences of pleading guilty pursuant to the Plea Agreement, that he entered into the Plea Agreement and its terms voluntarily, without the influence or interference of any outside source, and that he understood that he was giving up certain appellate and post-conviction rights by entering into the Plea Agreement.  *See* Crim. Case Doc. [127] at 6–7, 11–14,  28–30, 32–33; *see also United States v. Miller*, 21-2080, 2022 WL 2134318, at *2 (8th Cir. June 14, 2022) (finding plea agreement and appeal waiver were knowing and voluntary based in part on similar colloquy between district court and defendant).  Notably, this line of questioning specifically included asking Plaintiff if he understood that he was waiving his "right to contest this conviction or sentence in any postconviction proceeding, including one pursuant to Title 28 United States Code § 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel."  Crim. Case Doc. [127] at 29.  Petitioner answered that he understood and discussed this waiver with his attorney. *Id.* at 29, 15.

The Court concludes that the Plea Agreement waives the issue presented, and there is no miscarriage of justice in enforcing it. *See United States v. Sisco*, 576 F.3d 791, 796 (8th Cir. 2009) ("[T]he 'miscarriage of justice' exception is a narrow one that may arise in only limited contexts." (citation omitted)).

**CONCLUSION**

For the foregoing reasons, Respondent's Motion to Dismiss is granted.

Accordingly,

3

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss, Doc. [8], is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** with prejudice.  A separate order of dismissal will be entered herewith.  **IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 12th of July, 2022.

_____

MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE